People v Armstrong (2020 NY Slip Op 01288)





People v Armstrong


2020 NY Slip Op 01288


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Friedman, J.P., Richter, Webber, Singh, JJ.


11111 8204/93

[*1] The People of the State of New York, Respondent,
v
Rhamed Armstrong, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Lorca Morello of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shera Knight of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about July 28, 2017, which, after a hearing, adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in granting an upward departure from defendant's presumptive level two classification, and denying any downward departure (see generally People v Gillotti, 23 NY3d 841 [2014]). The upward departure was based on clear and convincing evidence of aggravating factors, "bearing on defendant's likelihood of reoffense and the potential harm in the event of his reoffense" (People v Davis, 178 AD3d 635, 636 [1st Dept 2019]), that were not sufficiently taken into account by the risk assessment instrument. The instrument did not adequately assess the extent and egregiousness of defendant's criminal history, which included a murder and an attempted murder (of a child), committed in separate incidents, as well as numerous other violent crimes. Although all of these crimes were committed in 1993, defendant has been incarcerated until only recently and his ability to avoid reoffense while at liberty has not yet been established. The mitigating factors cited by defendant, including documented rehabilitation while incarcerated, are significant but not so impressive as to outweigh defendant's criminal history.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK